Jessie **TREVINO**, Appellant,

v.

The **STATE OF TEXAS** et al., Appellees.

No. 20836.

United States Court of Appeals
Fifth Circuit.

Jan. 15, 1964.

Rehearing Denied Feb. 19, 1964.

---

1. Clayborn v. Illinois, 364 U.S. 874, 81 S.Ct. 118, 5 L.Ed.2d 96 (1960).

Reynold M. Gardner, Amarillo, Tex., for appellant.

George W. Gray, III, Asst. Atty. Gen., Austin, Tex., Frank Gaston, Dist. Atty., Steve Hurt, County Atty., Plainview, Tex., Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Waggoner, Carr, Atty. Gen., of Texas, for appellees.

Before HUTCHESON, BREITEN-STEIN,* and BELL, Circuit Judges.

PER CURIAM.

In this habeas corpus proceeding appellant Trevino seeks release from detention under a conviction in a Texas state court. He asserts that evidence obtained in a search of his premises was improperly used against him because such search was made under an illegal state search warrant. The warrant, which was issued by a county judge, is said to show no probable cause for the reason that the affidavit states conclusions based on hearsay.

The question of the validity of the warrant was raised at the jury trial and resolved against appellant. The Court of Criminal Appeals of Texas affirmed. After the filing of the petition for habeas corpus, the federal district court conducted a hearing at which the appellant was present with his counsel. Uncontroverted evidence at this hearing showed that the officers seeking the warrant presented to the county judge direct, rather than hearsay, testimony of the facts upon which the request for the warrant was made.

The question is whether the judge who issued the warrant had probable cause therefor. No claim is made that the merits of the factual dispute were not resolved in full, fair, and adequate state court proceedings.[1] Reliance is placed on the hearsay nature of the affidavit. The rule is that hearsay may be the basis for the issuance of a search warrant.[2] In spite of all this the federal district court held a hearing at which the evidence showed that the judge issuing the warrant had direct evidence of the supporting facts. We are satisfied that the warrant and the search thereunder were legal and proper.

Under the Texas Code of Criminal Procedure [3] the appellant had the absolute right to present to the courts of Texas the questions raised in this federal habeas corpus. We suggest that before reaching the merits the federal district court should have considered whether the appellant had deliberately by passed orderly state procedures and, if he had, the effect thereof on his right to federal habeas corpus.[4]

Affirmed.

* Of the Tenth Circuit, sitting by designation.

1. See Townsend v. Sain, 372 U.S. 293, 311, 83 S.Ct. 745, 756, 9 L.Ed.2d 770.

2. Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697.

3. See Vernon's Ann.C.C.P. arts. 113–176 and particularly articles 117 and 119.

4. See Fay v. Noia, 372 U.S. 391, 438, 83 S. Ct. 822, 848, 9 L.Ed.2d 837.